Marshall E. Bluestone, Esq. (SB 151632)
SENNEFF FREEMAN & BLUESTONE, LLP
50 Old Courthouse Square, Suite 401
P.O. Box 3729
Santa Rosa, CA 95402-3729
Telephone:   707-526-4250
Facsimile:    707-526-0347

Attorneys for Defendants County of Sonoma

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN FERRARA and ROBIN SMITH, | Case No. C 05-01182 CRB |
| Plaintiffs, | STIPULATION AND ORDER TO FILE AMENDED ANSWER TO FIRST AMENDED COMPLAINT |
| vs. | |
| COUNTY OF SONOMA, et al., | |
| Defendants. | |

Come now the parties, by and through their respective attorneys, and hereby stipulate as follows:

That defendant County of Sonoma be permitted to file an Amended Answer to plaintiffs' First Amended Complaint (a copy of the proposed Amended Answer is attached hereto as Exhibit "A.")

DATED:   March 14, 2007         SENNEFF FREEMAN & BLUESTONE, LLP


                                /s/ Marshall E. Bluestone
                                Marshall E. Bluestone, Attorney for Defendants

DATED:   March 7, 2007          FURTADO, JASPOVICE & SIMONS
                                NYE, PEABODY & STIRLING


                                /s/ Richard J. Simons
                                Richard J. Simons, Attorney for Plaintiffs

///
///

## ORDER

Upon review of the above Stipulation and FOR GOOD CAUSE APPEARING THEREFOR:

IT IS HEREBY ORDERED that defendants be permitted to file their Amended Answer to First Amended Complaint in the form attached hereto as Exhibit A within 10 days of entry of this order.

DATED:     March 16, 2007



Charles R. Breyer
United States District Judge

EXHIBIT A

Marshall E. Bluestone, Esq. (SB 151632)
Bonnie A. Freeman, Esq. (SB 180502)
SENNEFF FREEMAN & BLUESTONE, LLP
50 Old Courthouse Square, Suite 401
P.O. Box 3729
Santa Rosa, CA 95402-3729
Telephone: 707-526-4250
Facsimile: 707-526-0347

Attorneys for Defendant County of Sonoma

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN FERRARA and ROBIN SMITH, | Case No. C 05-01182 CRB |
| Plaintiffs, | **AMENDED ANSWER TO FIRST AMENDED COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| COUNTY OF SONOMA, *et al.*, | |
| Defendants. | |

Come now defendant County of Sonoma and in response to plaintiffs Lauren Ferrara and Robin Smith's FIRST AMENDED COMPLAINT FOR DAMAGES, state:

**GENERAL RESPONSE TO PARAGRAPHS**

**1 through 163, inclusive**

This answering defendant is a public entity, and facts may be known to one or several individuals acting on behalf of the public entity. Under such circumstances, many allegations have been denied based upon a lack of information and belief. Defendant does not concede, by answering the factual allegations in the First Amended Complaint, that the facts contained therein are relevant to the subject matter of this lawsuit and/or are admissible for any purpose in this lawsuit.

1. Defendant neither admits nor denies the introductory statement in paragraph 1.

**SUBJECT MATTER JURISDICTION**

2. Defendant admits that plaintiffs bring this action pursuant to Title VII (U.S.C. §2000e *et seq.*) but denies that the relief sought is applicable by all plaintiffs as to all causes of actions.

3. Defendant admits that pendent jurisdiction may apply to some of plaintiffs' causes of action, except as limited by the affirmative defenses raised herein.

## VENUE AND PERSONAL JURISDICTION

4. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 4, and therefore denies these allegations based upon lack of information and belief.

5. Defendant denies that the department "engaged in an industry affecting commerce" but otherwise admits the allegations of paragraph 5.

6. Defendant admits that the United States District Court, Northern District of California is the appropriate venue for this action under Title VII and otherwise denies the allegations of paragraph 6.

7. Defendant admits the allegations of paragraph 7 as to those individuals who have been previously named and served in this action.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Defendant denies, generally and specifically, the allegations of paragraph 8.
9. Defendant denies, generally and specifically, the allegations of paragraph 9.
10. Defendant denies, generally and specifically, the allegations of paragraph 10.
11. Defendant denies, generally and specifically, the allegations of paragraph 11.
12. Defendant denies, generally and specifically, the allegations of paragraph 12.
13. Defendant denies, generally and specifically, the allegations of paragraph 13.
14. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 14, and therefore denies these allegations based upon lack of information and belief.
15. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 15, and therefore denies these allegations based upon lack of information and belief.
16. Defendant denies, generally and specifically, the allegations of paragraph 16.
17. Defendant denies, generally and specifically, the allegations of paragraph 17.
18. Defendant denies, generally and specifically, the allegations of paragraph 18.
19. Defendant denies, generally and specifically, the allegations of paragraph 19.
20. Defendant denies, generally and specifically, the allegations of paragraph 20.

1  21. Defendant denies, generally and specifically, the allegations of paragraph 21.

2  22. Defendant admits that the California Attorney General's Office conducted a review of the department, in part involving what is alleged and admit that recommendations were made as a result of the review; defendant denies, generally and specifically, the remaining allegations of paragraph 22.

6  23. Defendant admits that in 1997-1998 a Final Report was issued by the Sonoma County Grand Jury, and otherwise denies, generally and specifically, the remaining allegations of paragraph 23.

9  24. Defendant admits that the OCR began, and dismissed, an investigation as described in the allegations and otherwise denies, generally and specifically, the remaining allegations of paragraph 24.

12  25. Defendant admits that a report was issued by the California Advisory Committee in the late 1990's and that recommendations were made thereafter; defendant otherwise denies, generally and specifically, the remaining allegations of paragraph 25.

15  26. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 26, and therefore denies these allegations based upon lack of information and belief.

17  27. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 27, and therefore denies these allegations based upon lack of information and belief.

19  28. Defendant admits that a letter which was signed by thirteen deputies was written by person(s) unknown, but has insufficient information, knowledge or belief as to the statements made in the letter and denies that the letter is properly the subject of this lawsuit.

22  29. Defendant denies, generally and specifically, the allegations of paragraph 29.

23  30. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 30, and therefore denies these allegations based upon lack of information and belief.

25  31. Defendant admits the allegations of paragraph 31.

26  32. Defendant has insufficient information, knowledge or belief as to the allegations of the first sentence of paragraph 32, and therefore denies these allegations based upon lack of information and belief. Defendant denies, generally and specifically, the remaining

allegations of paragraph 32.

33. Defendant denies, generally and specifically, the allegations of paragraph 33.

34. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 34, and therefore denies these allegations based upon lack of information and belief.

35. Defendant admits that Ferrara was assigned to patrol at the main office and that male officers often work on shifts with other males; defendant otherwise denies, generally and specifically, the allegations of paragraph 35.

36. Defendant admits that Ferrara was given all appropriate training as needed, and defendant otherwise has insufficient information, knowledge or belief as to the remaining allegations of paragraph 36 and therefore denies these allegations based upon lack of information and belief.

37. Defendant denies, generally and specifically, the allegations of paragraph 37.

38. Defendant denies, generally and specifically, the allegations of paragraph 38.

39. Defendant denies, generally and specifically, the remaining allegations of paragraph 39.

40. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 40 and therefore denies these allegations based upon lack of information and belief.

41. Defendant denies, generally and specifically, the allegations of paragraph 41.

42. Defendant denies, generally and specifically, the allegations of paragraph 42.

43. Defendant admits that a coworker noticed that Ferrara was indecisive and scared in her handling of some high risk situations, and has insufficient information, knowledge or belief as to the remaining allegations of paragraph 43 and therefore denies these allegations based upon lack of information and belief.

44. Defendant denies, generally and specifically, the allegations of paragraph 44.

45. Defendant denies, generally and specifically, the allegations of paragraph 45.

46. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 46, and therefore denies these allegations based upon lack of information and belief.

47. Defendant denies, generally and specifically, the remaining allegations of paragraph 47.

48. Defendant denies, generally and specifically, the allegations of paragraph 48.

49. Defendant denies, generally and specifically, the allegations of paragraph 49.

50. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 50, and therefore denies these allegations based upon lack of information and belief.

51. Defendant admits that Ferrara was transferred from the Windsor Police Department and otherwise has insufficient information, knowledge and belief as to the allegations of paragraph 51 and therefore denies these allegations based upon lack of information and belief.

52. Defendant has insufficient information, knowledge and belief as to the allegations of paragraph 52 and therefore denies these allegations based upon lack of information and belief.

53. Defendant denies, generally and specifically, the allegations of paragraph 53.

54. Defendant admits that Ferrara was rated "needs improvement" in part of her evaluation in or about December 2002 and otherwise denies, generally and specifically, the allegations of paragraph 54.

55. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 55, and therefore denies these allegations based upon lack of information and belief.

56. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 56, and therefore denies these allegations based upon lack of information and belief.

57. Defendant admits that Lt. Rude was supportive of Ferrara, and denies, generally and specifically, the remaining allegations of paragraph 57.

58. Defendant admits that Steve Brown kissed Ferrara and other employees (male and female) at an after-hours St. Patrick's Day gathering and otherwise denies, generally and specifically, the allegations of paragraph 58.

59. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 59, and therefore denies these allegations based upon lack of information and belief.

60. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 60, and therefore denies these allegations based upon lack of information and belief.

61. Defendant denies, generally and specifically, the allegations of paragraph 61.

62. Defendant denies, generally and specifically, the allegations of paragraph 62.

63. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 63, and therefore denies these allegations based upon lack of information and belief.

1  64. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 64, and therefore denies these allegations based upon lack of information and belief.
2  
3  65. Defendant denies, generally and specifically, the allegations of paragraph 65.
4  66. Defendant denies, generally and specifically, the allegations of paragraph 66.
5  67. Defendant admits that Ferrara sought permission for official departmental participation in the Santa Rosa and San Francisco Gay Pride parades; that the department officially participated in the Santa Rosa parade with uniformed officers and a patrol car, but did not officially participate in the San Francisco parade.
9  68. Defendant admits that Zanolini (not Sederholm) informed Ferrara that the department authorized participation in the Santa Rosa but not in the San Francisco Gay Pride parade, and otherwise denies generally and specifically, the allegations of paragraph 68.
12 69. Defendant denies, generally and specifically, the allegations of paragraph 69.
13 70. Defendant denies, generally and specifically, the allegation of paragraph 70.
14 71. Defendant denies that Raya made the statement attributed to him, and have insufficient information, knowledge or belief as to the remaining allegations of paragraph 71, and therefore denies these allegations based upon lack of information and belief.
17 72. Defendant denies, generally and specifically, the allegations of paragraph 72.
18 73. Defendant denies, generally and specifically, the allegations of paragraph 73.
19 74. Defendant admits that Ferrara's request for transfer was approved, and otherwise have insufficient information, knowledge or belief as to the allegations of paragraph 74, and therefore denies these allegations based upon lack of information and belief.
22 75. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 75, and therefore denies these allegations based upon lack of information and belief.
24 76. Defendant admits that Ferrara did not follow proper procedure in calling in sick, has insufficient information, knowledge and belief regarding the reason for her sick leave and therefore denies this allegation based on lack of information and belief; and denies, generally and specifically, the remaining allegations of paragraph 76.
28 77. Defendant denies, generally and specifically, the allegations of paragraph 77.

78. Defendant admits that Ferrara resigned effective August 2, 2004 and otherwise denies generally and specifically, the allegations of paragraph 78.

79. Defendant denies, generally and specifically, the allegations of paragraph 79.

80. Defendant admits the allegations of paragraph 80.

81. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 81, and therefore denies these allegations based upon lack of information and belief.

82. Defendant has insufficient information, knowledge or belief as to the allegations of paragraph 82, and therefore denies these allegations based upon lack of information and belief.

83. Defendant denies, generally and specifically, the allegations of paragraph 83.

84. Defendant denies, generally and specifically, the allegations of paragraph 84.

85. Defendant admits that Smith was asked to attend a restraint chair audit interview with Lt. Walker, and that she was informed that no discipline would result from the "chair incident;" defendant otherwise denies, generally and specifically, the remaining allegations of paragraph 85.

86. Defendant admits that in May 2002, Smith was placed on administrative leave while a performance improvement plan was designed, and otherwise denies, generally and specifically, the remaining allegations of paragraph 86.

87. Defendant admits that a performance improvement plan was implemented for Smith in May 2002 and otherwise denies, generally and specifically, the remaining allegations of paragraph 87.

88. Defendant denies, generally and specifically, the allegations of paragraph 88.

89. Defendant admits the allegations of paragraph 89.

90. Defendant denies, generally and specifically, the allegations of paragraph 90.

91. Defendant admits the allegations of paragraph 91.

92. Defendant denies, generally and specifically, the allegations of paragraph 92.

93. Defendant denies, generally and specifically, the allegations of paragraph 93.

94. Defendant denies, generally and specifically, the allegations of paragraph 94.

95. Defendant admits that Smith returned to work on or about June 24, 2003 and otherwise denies

generally and specifically, the remaining allegations of paragraph 95.

96. Defendant admits that Cogbill invited Smith to a meeting on or about June 27, 2003 and otherwise denies, generally and specifically, the allegations of paragraph 96.

97. Defendant denies, generally and specifically, the allegations of paragraph 97.

98. Defendant admits that Exhibit A (which speaks for itself) is attached to the original complaint filed in this action.

99. Defendant admits that the department hired a private attorney to conduct an investigation of Smith's complaints as known at that time and denies, generally and specifically, the remaining allegations of paragraph 99.

100. Defendant denies, generally and specifically, the allegations of paragraph 100.

101. Defendant denies, generally and specifically, the allegations of paragraph 101.

102. Defendant admits that Lt. Toby discussed an inappropriate use of force issue which was seen on videotape with Smith on or about September 2003 and otherwise denies, generally and specifically, the allegations of paragraph 102.

103. Defendant admits that the incident involved an issue of inappropriate use of force by Smith; defendant has insufficient information, knowledge and belief regarding the unnamed sergeant and therefore denies this allegation based on lack of information and belief; and otherwise denies, generally and specifically, the remaining allegations of paragraph 103.

104. Defendant admits the allegations of paragraph 104, except in that it states that a transcript of her interview with Toby showed that she had requested representation and in it characterizes Lt. Toby's actions as a "violation or misrepresentation," which facts are specifically denied. Defendant has insufficient information, knowledge or belief regarding the remaining allegations in paragraph 104 and therefore denies those based upon lack of information and belief.

105. Defendant admits that Smith had not requested a Union Representative in her interview with Toby, and otherwise denies the allegations of paragraph 105.

106. Defendant admits that Exhibit B (which speaks for itself) was attached to the original complaint and otherwise denies, generally and specifically, the remaining allegations of

paragraph 106.

107. Defendant admits that Smith received an overall "Standard" evaluation from Lt. Toby (which specifically referenced the inappropriate use of force issue) and from Lt. Lawrence and otherwise denies, generally and specifically, the remaining allegations of paragraph 107.

108. Defendant denies, generally and specifically, the allegations of paragraph 108.

109. Defendant denies, generally and specifically, the allegations of paragraph 109.

110. Defendant denies, generally and specifically, the allegations of paragraph 110.

## FIRST CAUSE OF ACTION

### Sex Discrimination in Employment against Sheriff's Department
### Disparate Treatment

111. Defendant incorporates by this reference, as though fully set forth, the responses herein set forth in paragraphs 1 through 110, inclusive.

112. Defendant admits the allegations of paragraph 112.

113. Defendant admits the allegations of paragraph 113.

114. Defendant denies, generally and specifically, the allegations of paragraph 114.

115. Defendant denies, generally and specifically, the allegations of paragraph 115.

116. Defendant denies, generally and specifically, the allegations of paragraph 116.

117. Defendant denies, generally and specifically, the allegations of paragraph 117.

118. Defendant denies, generally and specifically, the allegations of paragraph 118.

119. Defendant denies, generally and specifically, the allegations of paragraph 119.

120. Defendant denies, generally and specifically, the allegations of paragraph 120.

121. Defendant denies, generally and specifically, the allegations of paragraph 121.

122. Defendant neither admits nor denies the statement in paragraph 122.

## SECOND CAUSE OF ACTION

### Discrimination in Employment
### Against All Defendants
### Sexual Harassment

123. Defendant incorporates by this reference, as though fully set forth, the responses herein set

1 | forth in 1 through 122, inclusive.

2 | 124. Defendant denies, generally and specifically, the allegations of paragraph 124.

3 | 125. Defendant denies, generally and specifically, the allegations of paragraph 125.

4 | 126. Defendant denies, generally and specifically, the allegations of paragraph 126.

5 | 127. Defendant denies, generally and specifically, the allegations of paragraph 127.

6 | 128. Defendant denies, generally and specifically, the allegations of paragraph 128.

7 | 129. Defendant denies, generally and specifically, the allegations of paragraph 129.

8 | 130. Defendant denies, generally and specifically, the allegations of paragraph 130.

9 | 131. Defendant denies, generally and specifically, the allegations of paragraph 131.

10 | 132. Defendant denies, generally and specifically, the allegations of paragraph 132.

11 | 133. Defendant denies, generally and specifically, the allegations of paragraph 133.

12 | 134. Defendant denies, generally and specifically, the allegations of paragraph 134.

13 | 135. Defendant denies, generally and specifically, the allegations of paragraph 135.

### THIRD CAUSE OF ACTION

**Discrimination in Employment
Against Defendants Sheriff's Department, Cogbill, Zanolini, Suvoy, Sederholm, Edmonds, Lawrence, Toby, Walker and Geislin
Retaliation**

136. Defendant incorporates by this reference, as though fully set forth, the responses herein set forth in paragraphs 1 through 135, inclusive.

137. Defendant denies, generally and specifically, the allegations of paragraph 137.

138. Defendant denies, generally and specifically, the allegations of paragraph 138.

139. Defendant denies, generally and specifically, the allegations of paragraph 139.

140. Defendant denies, generally and specifically, the allegations of paragraph 140.

141. Defendant denies, generally and specifically, the allegations of paragraph 141.

142. Defendant denies, generally and specifically, the allegations of paragraph 142.

### FOURTH CAUSE OF ACTION

**Sex Discrimination
Against Defendant Sheriff's Department
Failure to Maintain Environment Free From Harassment**

143. Defendant incorporates by this reference, as though fully set forth, the responses herein set forth in paragraphs 1 through 142, inclusive.
144. Defendant denies, generally and specifically, the allegations of paragraph 144.
145. Defendant denies, generally and specifically, the allegations of paragraph 145.
146. Defendant denies, generally and specifically, the allegations of paragraph 146.
147. Defendant neither admits nor denies the statement in paragraph 147.

## FIFTH CAUSE OF ACTION

### Constructive Discharge
### Plaintiff Ferrara Against Defendant Sheriff Department

148. Defendant incorporates by this reference, as though fully set forth, the responses herein set forth in paragraphs 1 through 147, inclusive.
149. Defendant denies, generally and specifically, the allegations of paragraph 149.
150. Defendant denies, generally and specifically, the allegations of paragraph 150.
151. Defendant denies, generally and specifically, the allegations of paragraph 151.
152. Defendant denies, generally and specifically, the allegations of paragraph 152.
153. Defendant denies, generally and specifically, the allegations of paragraph 153.
154. Defendant denies, generally and specifically, the allegations of paragraph 154.
155. Defendant neither admits nor denies the statement in paragraph 155.

/////

## SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress
### Against All Defendants

156. Defendant incorporates by this reference, as though fully set forth, the responses herein set forth in paragraphs 1 through 155, inclusive.
157. Defendant denies, generally and specifically, the allegations of paragraph 157.
158. Defendant denies, generally and specifically, the allegations of paragraph 158.
159. Defendant denies, generally and specifically, the allegations of paragraph 159.

# SEVENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress
### Against All Defendants

160. Defendant incorporates by this reference, as though fully set forth, the responses herein set forth in paragraphs 1 through 159, inclusive.

161. Defendant denies, generally and specifically, the allegations of paragraph 161.

162. Defendant denies, generally and specifically, the allegations of paragraph 162.

163. Defendant denies, generally and specifically, the allegations of paragraph 163.

## AFFIRMATIVE DEFENSES

AS AND FOR A FIRST, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the First Amended Complaint ("complaint") herein, and each claim for relief thereof, Defendant alleges that the complaint fails to state facts sufficient to constitute any valid claim for relief against any answering defendant.

AS AND FOR A SECOND, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, Defendant alleges that should plaintiffs recover damages against Defendant, Defendant should be entitled to have the amount reduced or eliminated to the extent that plaintiffs failed to take reasonable steps to mitigate those damages.

AS AND FOR A THIRD, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, Defendant alleges that at all times mentioned in plaintiffs' complaint, the actions of the Defendant was privileged and/or in good faith under the surrounding circumstances.

AS AND FOR A FOURTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, Defendant alleges that plaintiffs failed to exhaust administrative remedies.

AS AND FOR A FIFTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, Defendant alleges that the complaint is barred by applicable statute of limitations.

AS AND FOR A SIXTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, Defendant alleges that there were legitimate, non-discriminatory reasons for Defendant's actions.

AS AND FOR A SEVENTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, Defendant alleges that plaintiffs are barred from bringing some or all of the claims for relief in the complaint by the exclusive remedy of workers' compensation.

AS AND FOR AN EIGHTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, Defendant alleges that plaintiffs' causes of action under Govt. Code §12940 *et seq.* are barred by their failure to comply with the Department of Fair Employment and Housing claims filing requirements.

AS AND FOR A NINTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, Defendant alleges that plaintiffs' causes of action under 42 U.S.C. §2000e *et seq.* are barred by their failure to comply with the EEOC claims filing requirements.

AS AND FOR A TENTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, Defendant alleges that (a) they exercised reasonable care to prevent and correct promptly any alleged sexually harassing behavior, and (b) the plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

AS AND FOR AN ELEVENTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, Defendant alleges that they took no adverse employment action against plaintiffs which was caused or motivated by their having engaged in a protected activity.

AS AND FOR A TWELFTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, Defendant alleges that they had legitimate, non-discriminatory reasons for their actions.

AS AND FOR A THIRTEENTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE

1  to the complaint herein, and each claim for relief thereof, Defendant alleges that Defendant is
2  immune from plaintiffs' state law causes of action pursuant to the provisions of Govt. Code §§815
3  through 856.6, inclusive.

4  AS AND FOR A FOURTEENTH SEPARATE, DISTINCT AND AFFIRMATIVE
5  DEFENSE to the complaint herein, and each claim for relief thereof, Defendant reserve the right to
6  include any additional affirmative defenses upon the discovery of facts sufficient to support said
7  defenses.

8  WHEREFORE, defendant County of Sonoma prays judgment as follows:
9  1. For judgment in favor of defendant and against plaintiff on each cause of action;
10 2. For costs of suit incurred herein, including attorneys' fees incurred in the defense of
11 this litigation; and
12 3. For such other and further relief as this Court may deem proper.

14 DATED:   March 6, 2007        SENNEFF FREEMAN & BLUESTONE, LLP

16                               /s/ Bonnie A. Freeman
                                 Bonnie A. Freeman, Attorney for Defendant

19 **DEMAND FOR TRIAL BY JURY OF DEFENDANT**

20 By way of endorsement hereon, Defendant hereby demand a trial by jury in this action.

22 DATED:   March 6, 2007

23                               SENNEFF FREEMAN & BLUESTONE, LLP

25                               /s/ Bonnie A. Freeman
                                 Bonnie A. Freeman, Attorneys for Defendant